Filed 7/24/26  P. v. Mendez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MENDEZ,<br><br>    Defendant and Appellant. | B347025<br><br>(Los Angeles County<br>Super. Ct. No. BA043129-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Jose Mendez, in pro. per.; and Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Jose Mendez appeals from an order denying his petition for homicide resentencing.  (Pen. Code, § 1172.6.)  We affirm.

In 1993, Mendez pleaded guilty to first degree murder and attempted murder without premeditation.  (Pen. Code, §§ 187, 664.)

Years later, in 2024, Mendez filed a check-the-box form Penal Code section 1172.6 petition seeking resentencing on his murder and attempted murder convictions. (See *People v. Patton* (2025) 17 Cal.5th 549, 558 (*Patton*) [noting the availability of resentencing in light of changes to California's homicide laws effective as of 2019].)

The People opposed, providing a preliminary hearing transcript they claimed showed Mendez was the sole shooter and direct perpetrator of his crimes.  Julio Rosado, the attempted murder victim, testified at the preliminary hearing.  He had seen a shooter fire rounds at him and Ruben Jaramillo.  Both were shot.  Rosado survived but Jaramillo did not.  Rosado had known Mendez for about six years and identified him as the shooter at the preliminary hearing.  In addition to Rosado's testimony, the People presented recordings of an interview police conducted of Mendez after he was in custody.  On them, Mendez admitted to the shooting, admitted he had the intent to kill, and admitted he had lain in wait.

The trial court denied Mendez's resentencing petition in July 2025 because he had not shown a prima facie case.

Mendez appealed.  His counsel filed a brief that identified no arguable issues.

In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), our Supreme Court offered "guidance for counsel and courts to follow in postconviction appeals" under the homicide resentencing

statute "where counsel finds no arguable issues." (*Id.* at p. 231.) Under *Delgadillo*, where "counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citation.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record . . . ." (*Id.* at p. 232.)

Mendez has filed a supplemental brief, and we address it.

In his supplemental brief, Mendez forthrightly "take[s] full accountability" for the shootings and does "not contest, in any way, [his] actual accountability." But he does contest the imputation of malice solely from his commission of the crimes. And he argues resentencing is still available for actual killers who could have been convicted of second degree felony murder. He contends, inconsistent with his guilty pleas and recorded

3

confession, he only intended to scare the victims when shooting them, not harm them.  He contests the use of an unstipulated preliminary hearing transcript containing that confession, which he now claims, with respect to his intent, was untrue and coerced.

First, we note Mendez raised none of these arguments in the trial court.  They are forfeited.  (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591–592 ["arguments raised for the first time on appeal are generally deemed forfeited"].)

Even so, Mendez's first degree and attempted murder convictions are not subject to the homicide resentencing process because there is no dispute he was the actual killer.  Mendez cites *People v. Nino* (2025) 111 Cal.App.5th 844, but that case addressed a defendant with a *second* degree murder conviction who could have been convicted under a felony murder theory the court concluded was no longer viable.  (*Id.* at p. 849; see *id.* at p. 856 [noting negligent discharge of a firearm could *not* underpin *first* degree felony murder].)  Thus, *Nino* confirms that if a defendant is an actual killer, he is not eligible for relief from a "conviction of first degree murder or attempted murder."  (*Id.* at p. 849; see also *Delgadillo*, *supra*, 14 Cal.5th at p. 233 ["Delgadillo is not entitled to any relief under section 1172.6" where "the record . . . makes clear that Delgadillo was the actual killer and the only participant in the killing"]; *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029 ["Fisher's argument that he did not specifically admit to a particular mens rea has no teeth" when he "admitted he was the direct perpetrator"].)  Malice, under the circumstance of Mendez's guilty pleas, was not improperly imputed and the trial court properly denied relief at the prima facie stage of the homicide resentencing process.

Mendez asserts his confession, as to his intent, was coerced, but that assertion does not undo his guilty plea and the consequences it establishes with respect to his resentencing petition. The resentencing process was not intended to address wide-ranging collateral attacks on convictions. (*People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1157.) Moreover, as we just explained, the lack of a specific admission as to mental state, in light of the undisputed fact that Mendez was the killer, does not alter our analysis under the resentencing statute. (See *People v. Fisher*, *supra*, 95 Cal.App.5th at p. 1029.)

We also reiterate a trial court may properly consider preliminary hearing transcripts at the prima facie stage of a homicide resentencing proceeding. (*Patton*, *supra*, 17 Cal.5th at pp. 568–569.) Mendez asserts he did not stipulate to the preliminary hearing transcript when pleading guilty. The transcript of his plea hearing, however, was unavailable and is not in the record. Regardless, the absence of a defendant's stipulation to a preliminary hearing transcript during an earlier plea colloquy does not detract from its utility. (*Id.* at p. 569.)

Finally, Mendez cites *People v. Curiel* (2023) 15 Cal.5th 433. But "*Curiel* concerned what facts, related to whether Curiel could presently be convicted of murder because of the 2019 amendments to homicide law (see § 1172.6, subd. (a)(3)), could be conclusively established, as a matter of issue preclusion, from certain jury findings after a contested jury trial where the petitioner had maintained his innocence and not pleaded guilty, and where an invalid theory was supported by the evidence and argued by the parties. (*Curiel*, at pp. 440–446, 470–471; *id.* at p. 442 [the evidence showed Curiel did not have anything to do with

the shooting].)" (*Patton*, *supra*, 17 Cal.5th at p. 565, fn. 8.) *Curiel* does not govern the guilty plea scenario before us. (*Ibid.*)

Having addressed the issues Mendez raised in his supplemental brief, we decline to conduct a further independent review of the record. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

We affirm the order denying relief under Penal Code section 1172.6.

SCHERB, J.

We concur:

STRATTON, P. J.

WILEY, J.

6